[No. 4074.]

DAVIS V. THOMAS.

1. CONTRACTS—PROPOSITION AND ACCEPTANCE.

To constitute a contract the minds of the contracting parties must meet and assent to the same thing in the same sense. A party to whom a proposition is made must accept or reject the proposition as a whole. An offer to accept under modification is a rejection of the offer.

2. SAME—EVIDENCE.

Defendant, the locator of a mining claim, proposed to plaintiff that if he would pay the expense of a survey and the assessment work he would give him a half interest in the claim. Plaintiff answered that if the claim was in conflict with certain other claims he would have nothing to do with it but that he would employ a surveyor to make the survey. He employed a surveyor that had already been engaged by defendant to make the survey. Defendant refused to permit the surveyor to place plaintiff's name on the location stake and paid for the survey. Held that there was no such acceptance of defendant's proposition, by plaintiff, as would constitute an enforceable contract.

*Error to the District Court of San Miguel County.*

Mr. CHAS. J. HUGHES Jr. and Mr. M. B. GERRY for plaintiff in error.

Messrs. THOMAS, BRYANT & LEE for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This action was commenced by plaintiff in error to compel defendant in error to convey him an interest in the Thomas lode. He bases his right to this relief upon an alleged contract which, he claims, was entered into between them, whereby it was mutually agreed that he should defray the expenses of surveying and perfecting such location, in consideration of which the defendant was to convey him an interest therein. He further claims that he has complied with this agreement upon his part. At the conclusion of the evidence on the part of plaintiff, defendant moved for a non-suit which was sustained. The reason assigned by the trial judge for this judgment is, that the evidence did not establish that a contract with respect to the subject matter of controversy had been entered into between the parties. Several propositions are argued by counsel for plaintiff, in support of their contention that the judgment of the trial court should be reversed, but it is only necessary to consider the one upon

which the court based its judgment. This necessitates a brief statement of the testimony.

On his own behalf, plaintiff, in response to the question to state what took place between Mr. Thomas and himself, beginning with the first, and telling all the conversations, stated: "There were several conversations. Mr. Thomas came up to my office shortly after he had found a vein near the Nellie and Ella veins, and told me about them several times, I don't remember how many; then on the 11th day of June, he came up to my office, and made a proposition to me, that if I would pay for the survey and assessment work, he would either locate me in, or deed me a half interest in the property, and I said to him then that I had sold the Nellie and Ella, and if it conflicted or was on their surface ground, I did not want to have anything to do with it. I said I would go and employ a surveyor, and have him make the survey. I went to Mr. Greenwood's office, and did not find him in. The next morning I met him in front of my house, on the street, and employed him to go up there and make the survey. * * *."

"Q. Did you ever have any other conversation with Mr. Thomas on that subject?"

"A. Not until after my return from the East."

He further states in substance that he left for the East on the day he employed Mr. Greenwood, was absent about a month, and upon his return met Mr. Thomas and asked him about the location and survey, and was informed that he (Thomas) had changed his mind, and concluded he did not want plaintiff in with him. Counsel for plaintiff call our particular attention to the following testimony of plaintiff, wherein he states: "He offered me either to put my name on the stake, or deed me a half interest, if I would pay for the survey and the assessment."

"Q. He either offered to put your name on the stake, or

deed you a half interest in the claim if you would pay for the assessment and making the survey?

"A.   Yes sir.

"Q.   And was that the agreement that you accepted?

"A.   Yes sir."

Mr. Greenwood, the surveyor, stated in substance, that plaintiff employed him to make the survey, telling him that he would pay him for his services, and while making this survey, he spoke to defendant about putting the name of plaintiff on the location stake, to which defendant replied that plaintiff was not a party with him, and that he would pay for the survey himself, which he afterwards did.   He also states that prior to the time plaintiff employed him, defendant had engaged his services to survey the lode in question.

This testimony, which is all that bears upon the question under consideration, clearly supports the judgment of the trial court, that no contract was entered into between the parties.   The proposition which plaintiff says the defendant made him was never accepted.   It appears that he was formerly interested in the adjoining claims, known as the Nellie and Ella; that he did not wish to take an interest in the Thomas lode if it conflicted with either of these locations. This could only be ascertained by a survey.   It is evident from his statement, that the surveyor was employed for this purpose, and that he did not intend to determine whether he would accept the proposition of defendant or not until after the survey had been made, and the location of the Thomas lode with respect to the Nellie and Ella ascertained. He does not pretend to say that he told defendant he would pay for the survey and the expense of doing the assessment, but that he would employ a surveyor, saying nothing about the assessment work, which leaves the inference that the latter would be a subject for future consideretion.   The particular testimony to which counsel for plaintiff direct our attention does not change the situation.   Plaintiff stated that

the conversation with defendant, as detailed above, was the only one on that subject until after his return from the East, so that his subsequent statement that he accepted the proposition made by the defendant is a conclusion which he, himself, deduces from the fact that he employed the surveyor, Mr. Greenwood. That plaintiff did employ the surveyor cannot affect the rights of the parties. He did not advise the defendant of this act. The latter had employed the same surveyor to survey the lode. As soon as he was advised that plaintiff employed him, he informed the surveyor that plaintiff had no interest in the claim, and that he, himself, would pay for his services, which he subsequently did. The conclusion, however, that no contract was entered into between the parties can safely be based upon the evidence of plaintiff alone, from which it appears, as already suggested, that the proposition which he says defendant made to him was never accepted. It is an elementary principle of the law of contracts, that in order to constitute a contract, the minds of the parties must meet, and the respective contracting parties must assent to the same thing in the same sense, therefore, a contract cannot arise unless the proposition made by one is accepted by the other. *Salomon v. Webster*, 4 Colo. 353; 1 Parsons' Contracts, *475.

The party to whom a proposition is made is at liberty to accept wholly or reject wholly; he must do one or the other. An answer proposing to accept under modification is a rejection of the offer. 1 Parsons' Contracts, *477; *Salomon v. Webster, supra.* According to the testimony of the plaintiff, he did not accept the offer made by defendant. The most that can be deduced from his own statement is, that he accepted conditionally, which he does not claim was assented to by the defendant.

The judgment of the district court is affirmed.

*Affirmed.*