No. 12,443.

WILLIAM E. RUSSELL COAL COMPANY *v.* VESTA MINES, INC.

(1 P. [2d] 104)

Decided June 15, 1931.

Messrs. PONSFORD, PENDER & LARWILL, for plaintiff in error.

Mr. C. COOPER YOUNG, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE William E. Russell Coal Company sued the Vesta Mines, Incorporated, in the Denver district court, to recover damages for breach of warranty arising out of the sale of a second hand box car coal loading machine purchased by plaintiff from defendant. Plaintiff here seeks to review a judgment of nonsuit, contending that the admission of a certain exhibit, erroneously excluded, would have proven its case.

Prior to the sale and delivery of the machine and on the 26th day of July, 1926, plaintiff was given a 15-day option to purchase the machinery here involved. Thereafter and on the 3rd day of August, and within said 15-day period, the plaintiff mailed to defendant the following letter:

"Denver, Colorado,
"August 3rd, 1926.

"Vesta Mines, Inc.,
"Cooper Building,
"Denver, Colorado.

"Attention: Mr. E. F. McGowan.
"Gentlemen:

"This is to advise that we hereby exercise the right of option granted by you July 6, 1926, and will purchase one conveyor belt type Ottumwa Box Car Loader, with one thirty horse power Westinghouse motor, all complete,

and guaranteed by you to be in first class running order, also box of parts.

"Please ship immediately and bill to The William E. Russell Coal Company, Russell Mine, Frederick, Weld County, Colorado, on the Union Pacific Railroad.

"Yours truly,

"The William E. Russell Coal Co.

By W. E. Russell, President."

"WER:ER"

The court held this exhibit was inadmissible because it was a self-serving declaration.

██ ██ The option contained no form of guarantee. Thereunder within the 15-day period, plaintiff could accept or reject the offer or submit a counter proposition. Plaintiff chose the latter, which amounted to a conditional acceptance. After defendant had received said letter, it delivered to plaintiff the machinery here involved. Its act of delivery constituted an acceptance of plaintiff's counter proposition. *Davis v. Thomas,* 28 Colo. 303, 64 Pac. 187; *Michigan Co. v. Pueblo Co.,* 51 Colo. 160, 116 Pac. 340; *Baum v. Concord Land & Improvement Co.,* 24 Colo. App. 397, 133 Pac. 760; Page on Contracts (2d Ed.) vol. 1, p. 251, §169.

██ The rule of evidence urged by defendant, resulting in the rejection of plaintiff's letter, was not applicable. Under the circumstances, the letter was admissible to show that the original offer was not accepted unqualifiedly, but that its acceptance was conditioned upon defendant's guaranteeing the machinery would be in first class running order.

Judgment reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Burke concur.